1  KERSHAW, CUTTER & RATINOFF, LLP
   William A. Kershaw (State Bar No. 057486)
2  Email:  wkershaw@kcrlegal.com
   C. Brooks Cutter (State Bar No. 121407)
3  Email:  bcutter@kcrlegal.com
   Stuart C. Talley (State Bar No. 180374)
4  Email: stalley@kcrlegal.com
   John R. Parker, Jr. (State Bar No. 257761)
5  Email: jparker@kcrlegal.com
   401 Watt Avenue
6  Sacramento, California 95864
   Telephone: (916) 448-9800
7  Facsimile:  (916) 669-4499

8  Attorneys for Plaintiff Michael James Goodlick

9              UNITED STATES DISTRICT COURT

10           NORTHERN DISTRICT OF CALIFORNIA

11
   MICHAEL JAMES GOODLICK,         )   Case No. CV 10 2862 LB
12                                 )
                  Plaintiff,       )
13      vs.                        )   COMPLAINT
                                   )
14   APPLE, INC.,                  )   Breach of Warranty
                                   )
15                Defendant.       )   DEMAND FOR JURY TRIAL
                                   )
16  _____)

17

18      Plaintiff  Michael  James  Goodlick  brings  this  complaint  against  Apple,  Inc.,

19  ("Defendant"), and alleges as follows:

20      1.      This is a breach of warranty complaint against Defendant for its production of a

21  product ("Product") that is defective, and which Defendant has falsely marketed as a fully-

22  functional product.

23      2.      Plaintiff is, and at all relevant times hereto has been, a resident of the State of

24  California. He purchased Defendant's Product on or about June 15, 2010.

25      3.      Defendant Apple, Inc. ("Apple") is a California corporation that maintains its

26  principal place of business at 1 Infinite Loop, Cupertino, California, USA, 95014. Apple has

27  developed, designed, manufactured, assembled, branded, promoted, marketed, distributed and/or

Page 1 – Complaint and Jury Demand

1   sold the Product throughout the United States.

## INTRADISTRICT ASSIGNMENT

4.    Pursuant to Local Rule 3-5(b), assignment to the San Francisco Division is proper because a substantial part of the events or omissions giving rise to this claim occurred in this district.

## JURISDICTION AND VENUE

5.    Claims arising under the Magnuson-Moss Warranty Act may be brought in federal district court pursuant to 15 U.S.C. 2310(d)(1).

6.    This Court has jurisdiction over Defendant because Defendant is either a corporation or an association organized under the laws of California, a foreign corporation or association authorized to do business in California and registered with the California Secretary of State, or does sufficient business in or has sufficient minimum contacts with California, or otherwise intentionally avails itself of the California markets through the promotion, marketing, advertising and/or sales of their products and services in California to render the exercise of jurisdiction by California courts permissible under traditional notions of fair play and substantial justice.

7.    Under 28 U.S.C. Section 1391, venue is proper in this District because Apple is headquartered in, and maintains its principal place of business within, this District. Moreover, a substantial portion of the acts and practices underlying this Complaint occurred here.

8.    Because Defendant sold the Product through its web site, essential acts consummating the sale of each and every Product occurred in this District.

## FIRST CAUSE OF ACTION

(Violation of the Magnuson-Moss Warranty Act)

9.    Plaintiff incorporates by reference each and every preceding paragraph as though fully set forth herein.

10.    Plaintiff is a "consumer" within the meaning of the Magnuson-Moss Act.

11.    Defendant is a "supplier" and "warrantor" within the meaning of the Magnuson-

Page 2 – Complaint and Jury Demand

1  Moss Act.

2       12.    The Product is a "consumer product" within the meaning of the Magnuson-Moss

3  Act.

4       13.    Defendant's written affirmations of fact, promises and/or descriptions as alleged

5  herein are each a "written warranty" as to the Product as fully functional and/or there exists an

6  implied warranty for the sale of such products within the meaning of the Magnuson-Moss Act.

7       14.    Defendant breached these express and implied warranties, as the Product did not

8  perform as Defendant represented or was not fit for its intended use. Defendant has refused to

9  remedy such breaches, and its conduct caused damages to Plaintiff.

10      15.    The amount in controversy meets or exceeds the sum or value of $25.

11      16.    As Defendant has refused all previous requests, resorting to any informal dispute

12  settlement procedure and/or affording Defendant another opportunity to cure these breaches of

13  warranties is unnecessary and/or futile. Any remedies available through any informal dispute

14  settlement procedure would be inadequate under the circumstances, as Defendant has indicated

15  they have no desire to participate in such a process at this time. Any requirement under the

16  Magnuson-Moss Act or otherwise that Plaintiff resort to any informal dispute settlement

17  procedure and/or afford Defendant a reasonable opportunity to cure the breach of warranties

18  described above is excused and/or has been satisfied.

19      17.    As a result of Defendant's breaches of warranty, Plaintiff has sustained damages

20  and other losses in an amount to be determined at trial. Plaintiff is entitled to recover damages,

21  specific performance, costs, attorneys' fees, rescission, and/or other relief as is deemed

22  appropriate.

23                     PRAYER FOR RELIEF

24      WHEREFORE, Plaintiff prays for judgment and relief as follows as appropriate for the

25  above causes of action:

26      1.    A temporary, preliminary and/or permanent order for injunctive relief enjoining

27  Defendant from pursuing the policies, acts and practices complained of herein;

Page 3 – Complaint and Jury Demand

2.    A declaratory judgment stating that Defendant may not pursue the policies, acts and practices complained of herein;

3.    A temporary, preliminary and/or permanent order for injunctive relief requiring Defendant to undertake an informational campaign to inform members of the general public as to the wrongfulness of Defendant's practices;

4.    An award of actual, statutory and/or exemplary damages, as appropriate for the particular Causes of Action;

5.    An order requiring disgorgement of Defendant's ill-gotten gains by requiring the payment of restitution to Plaintiff, as appropriate;

6.    Reasonable attorneys' fees;

7.    All related costs of this suit;

8.    Pre- and post-judgment interest; and

9.    Such other and further relief as the Court may deem necessary or appropriate.

### JURY DEMAND

Plaintiff and the Class demand a trial by jury on all claims so triable.

DATED: June 29, 2010.                    KERSHAW, CUTTER & RATINOFF

By: _____
    STUART TALLEY

    William A. Kershaw
    C. Brooks Cutter
    John R. Parker, Jr.
    401 Watt Avenue
    Sacramento, California 95864
    Telephone: (916) 448-9800
    Facsimile: (916) 669-4499

Page 4 – Complaint and Jury Demand